CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED
2/9/2026
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEITH PHIFER, | ) |
| | ) Civil Action No. 7:25-cv-00869 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| VICTOR A. HERRERA, *et al.*, | ) |
| | ) By: Hon. Thomas T. Cullen |
| Defendants. | ) United States District Judge |

This case concerns a motor-vehicle accident on Interstate-81 in Virginia. Plaintiff Keith Phifer ("Phifer") claims that the driver of the vehicle that hit him, Defendant Victor A. Herrera ("Herrera"), was negligent and caused the accident, and he is seeking compensatory damages of $1,000,000.00. This matter is now before the court on Defendant Mr. Suave Transport, Inc.'s ("Suave Transport's") motion to dismiss. (Mot. Dismiss [ECF No. 5]; *see also* ECF No. 1, Ex. 3.) For the reasons stated below, the court will grant the motion.

## I.  BACKGROUND

The facts below are taken from Phifer's Complaint and, at this stage, are presumed true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On November 26, 2022, Phifer was operating a commercial vehicle on Interstate-81 in Salem, Virginia. (Compl. ¶ 1 [ECF No. 1, Ex. 1].) Another vehicle, which Herrera was driving, collided with the rear of Phifer's vehicle. (*Id.* ¶ 2.) Phifer alleges that, as a result of the accident, he has suffered "serious and likely permanent injuries" and "will in the future continue to suffer pain of body and mind; has been inconvenienced and prevented from performing his

household duties[;] and has incurred and will continue to incur medical and related expenses in an effort to be cured of said injuries." (*Id.* ¶ 6.)

On November 25, 2024, Phifer filed this action in Virginia state court against Herrera and Suave Transport, alleging negligence and seeking $1,000,000 in compensatory damages, pre- and post-judgment interest, and other costs. (*See* Compl. at 3.) On November 26, 2025, Defendants removed the action to this court; simultaneously, Suave Transport filed a motion to dismiss.[1] (ECF No. 1, Ex. 4.) Phifer did not respond to the motion.[2] The matter is now ripe for disposition.

## II.  STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "'naked assertion[s]' devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original)

---

[1] Herrera filed an answer to Phifer's Complaint on November 20, 2025. (ECF No. 1, Ex. 2.)

[2] The court granted Phifer an additional 14 days to respond to the motion in its Scheduling Order. (ECF No. 7 ¶ 10 ("If a party opposes a motion, the nonmovant must file a brief in opposition . . . within **14** days of this order if the moving party served a motion and supporting brief before the entry of this order[]. Except for good cause shown, if the nonmovant does not timely file an opposition brief, the court will consider the motion to be unopposed.").)

(quoting *Twombly*, 550 U.S. at 555, 557). At bottom, the court "must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023).

### III. ANALYSIS

In its motion, Suave Transport argues that Phifer "has not pleaded any facts, let alone sufficient facts, to state a claim against it under any theory." (Br. Mot. Dismiss at 3 [ECF No. 6] (emphasis removed).) Because Phifer did not respond to Suave Transport's motion to dismiss, "the court interprets his failure to respond as an acknowledgment that he agrees with defendant['s] arguments." *Wallace v. Dotson*, No. 7:24-CV-00194, 2025 WL 972252, at *2 (W.D. Va. Mar. 31, 2025); *see also Kelly v. Allstate Ins. Co.*, No. 1:22-CV-03155-JRR, 2024 WL 4581179, at *2 (D. Md. Oct. 25, 2024); *Stenlund v. Marriott Int'l, Inc.*, 172 F. Supp. 3d 874, 887 (D. Md. 2016); *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010). Therefore, "the court . . . credits those arguments and states the reasons for dismissal briefly." *Wallace*, 2025 WL 972252, at *2; *see also Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 (4th Cir. 2014) (explaining that district courts "ha[ve] an obligation to review . . . motions to ensure that dismissal is proper," even if a nonmoving party does not oppose it or respond).

To state a negligence claim in Virginia, a plaintiff must allege "a legal duty on the part of the defendant, breach of that duty, and a showing that such breach was the proximate cause of the injury, resulting in damage to the plaintiff." *Baruch v. Starwood Hotels & Resorts Worldwide, Inc.*, 773 F. App'x 158, 159 (4th Cir. 2019) (quoting *Blue Ridge Serv. Corp. v. Saxon Shoes, Inc.*, 624 S.E.2d 55, 62 (2006)). Here, Phifer fails to state a plausible negligence claim—or any claim at all, for that matter—against Suave Transport. He alleges, once, that he seeks relief from

Suave Transport (*see* Compl. at 1), but the rest of his Complaint is devoid of any reference to Suave Transport, including its relationship with Herrara, or its allegedly negligent acts.[3] (*See id.* ¶¶ 2–6 (alleging that only Herrera had a duty of care, breached that duty, and directly and proximately caused Phifer's injuries).) Without alleging specific facts to establish Suave Transport's negligence (or any facts that might support a theory of imputed liability), Phifer has failed to state a claim against Suave Transport.

## IV.  CONCLUSION

For the foregoing reasons, Suave Transport's motion to dismiss will be granted.

The Clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

**ENTERED** this 9th day of February, 2026.

> */s/ Thomas T. Cullen*
> HON. THOMAS T. CULLEN
> UNITED STATES DISTRICT JUDGE

---

[3] Presumably, Suave Transport was listed as a defendant because Phifer believes it to be Herrera's employer and, further, because Phifer believes Herrara was operating a vehicle as Suave Transport's employee at the time of the accident. Such an allegation, had it been made in the complaint, might give rise to liability under a theory of *respondeat superior*. But Phifer made no such allegation.

- 4 -